JUDGE FRANK MONTALVO FILED
MAY 11 2011
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § § § | |
| Plaintiff, | § § | EP11CV0195 |
| v. | § § | Civil Action No. |
| STARBUCKS COFFEE CO. | § § § | COMPLAINT AND JURY TRIAL DEMAND |
| Defendant. | § § § | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended, ("ADA"), ADA Amendments Act of 2008 ("ADAAA"), to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Elsa Sallard ("Charging Party" or "Sallard" who was adversely affected by such practices. The Equal Employment Opportunity Commission (the "Commission") alleges that Defendant, Starbucks Coffee Co. ("Starbucks" or "Defendant"), failed to provide the Charging Party with a reasonable accommodation and subsequently terminated her from her position as a barista because of her disability, in violation of the ADA and the ADAAA.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas, El Paso Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, Starbucks Coffee Co., has continuously been doing business in the State of Texas and the City of El Paso, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant, Starbucks Coffee Co., has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant, Starbucks Coffee Co., has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Charging Party, Elsa Sallard, filed a charge with the Commission alleging violations of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

**COMPLAINT**                                                                                   2

8. At all relevant times, Elsa Sallard has been and is a qualified person with a disability, dwarfism, and is covered by Title I of the ADA, 42 U.S.C. §§ 12101 *et seq.*

9. Since at least July 2009, Defendant engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. § 12112(a) and (b), by failing or refusing to provide the Charging Party with a reasonable accommodation for her disability and ultimately terminating Charging Party because of her disability.

10. Charging Party has a physical impairment, dwarfism. Pursuant to the ADA, as amended, Charging Party is substantially limited in the major life activities of, including but not limited to, reaching, lifting, and performing manual tasks.

11. Charging Party was hired by the Defendant as a barista, a customer service position. The job description for the barista position stated that no prior experience was required. Charging Party began working for the Defendant on July 27, 2009.

12. On or about July 30, 2009, Charging Party requested the use of a stool and/or small step-ladder as a reasonable accommodation to enable her to perform the essential functions of her job. With the reasonable accommodation, Charging Party would have been able to perform the essential functions of her job; to operate the cash register and prepare beverages.

13. After the Charging Party requested a reasonable accommodation, Defendant failed or refused to engage in the interactive process and failed or refused to provide the Charging Party with a reasonable accommodation.

14. On or about July 30, 2009, Defendant terminated Charging Party's employment, claiming that she would be a danger to customers and employees.

15. The effect of the practices complained of in paragraphs 9-14 above has been to deprive Elsa Sallard of equal employment opportunities and to otherwise adversely affect her status as an applicant for employment because of her disability.

18. The unlawful employment practices complained of in paragraphs 9-14 above were intentional.

19. The unlawful employment practices complained of in paragraphs 9-14 above were done with malice or with reckless indifference to the federally protected rights of Elsa Sallard.

20. The effects of the practices complained of in paragraphs 9-14 above have been to cause Elsa Sallard mental and emotional pain and suffering, loss of enjoyment of life, and inconvenience, and has deprived her of financial and other benefits of working for the Defendant.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in disability discrimination against employees, and engaging in any other employment practice which discriminates on the basis of disability;

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant to make whole Elsa Sallard by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief

necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place re-hiring of Elsa Sallard, or front pay in lieu thereof;

    D.    Order Defendant to make whole Elsa Sallard by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 9-16 above, including, but not limited to, relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial;

    E.    Order Defendant to make whole Elsa Sallard by providing compensation for past and future nonpecuniary losses resulting from the unlawful practice complained of in paragraphs 9-16 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

    F.    Order Defendant to pay Elsa Sallard punitive damages for its malicious and reckless conduct, as described in paragraphs 9-14 above, in amounts to be determined at trial;

    G.    Grant such further relief as the Court deems necessary and proper in the public interest; and

    H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ  
General Counsel

JAMES LEE  
Assistant General Counsel

GWENDOLYN REAMS  
Deputy General Counsel

ROBERT CANINO
Regional Attorney

SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas Bar No. 14009470


*/s/ Joel Clark*

JOEL P. CLARK
Trial Attorney
Texas Bar No. 24050425

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 South Houston, 3rd Floor
Dallas, Texas 75202
(214) 253-2743
(214) 253-2749 (FAX)