IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> STARBUCKS COFFEE CO. <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § Civil Action No. 3:11-cv-00195-FM <br> § <br> § <br> § **COMPLAINT AND** <br> § **JURY TRIAL DEMAND** <br> § <br> § |

## CONSENT DECREE

THIS CONSENT DECREE is made and entered into by and between the Equal Employment Opportunity Commission ("EEOC") and Starbucks Coffee Co. ("Starbucks" or "Defendant"), in the United States District Court for the Western District of Texas, El Paso Division, with regard to the EEOC's Complaint filed in Civil Action 3-11-cv-00195-FM. The Complaint was based upon a Charge of Discrimination filed by Elsa Sallard against the Defendant.

The above-referenced Complaint alleges that Defendant failed to provide Charging Party Elsa Sallard with a reasonable accommodation and subsequently terminated her from her position as a barista because of her disability, dwarfism, in violation of the Americans with Disabilities Act, as amended.

The EEOC and the Defendant agree to compromise and settle the differences embodied in the Complaint filed by EEOC, and intend that the terms and conditions of the compromise and settlement be set forth in this Consent Decree ("Consent Decree").

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and therefore, it is ORDERED, ADJUDGED AND DECREED that:

1. This Consent Decree resolves all issues raised in EEOC Charge No. 453-2009-01425. This Decree further resolves all issues in the Complaint filed by the EEOC in this civil action. The EEOC waives further claims and/or litigation on all issues raised in the above-referenced Charge and Complaint. The EEOC does not, however, waive the processing or litigation of any Charges other than the specific Charge referenced above, even if such charges raise the same or similar issues on behalf of other applicants or employees.

2. During the term of this Consent Decree, Defendant's store number 10878, El Paso, Texas, shall not discriminate on the basis of disability in violation of the Americans with Disabilities Act (ADA) with respect to recruitment, placement, hiring, termination, or any other employment action. Defendant further agrees not to retaliate in any way against any person because of opposition to any practice declared unlawful under the ADA or because of the filing of a charge, giving testimony, or assisting or participating in any manner in any investigation, proceeding or hearing related to the EEOC charge or claim of Ms. Sallard.

3. The Defendant agrees that within thirty (30) days from entry of this Consent Decree, Defendant will post the Notice appended hereto as Attachment "A" on the employee bulletin board at store number 10878. Defendant will report to the EEOC that it has complied with this requirement within fifteen (15) days after posting the Notice. The Notice shall remain posted for six months.

4. Within 90 days after the entry of this Decree, Defendant will conduct a training session for all management and supervisory employees in Starbucks district number 643, which

**CONSENT DECREE**                                                                                                 2

includes all stores currently in El Paso, Texas. This training shall advise these employees of the requirements and prohibitions of the federal anti-discrimination laws with a special emphasis on the American with Disabilities Act (ADA), as amended by the ADAAA. The training will specifically focus on the reasonable accommodation of individuals with disabilities. Example scenarios used in the training will include a discussion of the reasonable accommodation of applicants and employees who are small in stature as a result of medical condition or disability such as dwarfism. The training will also include a specific discussion or instruction relating to definitions of disability under the ADA, as amended by the ADAAA, and the interactive, reasonable accommodation process. The training will inform the employees of the complaint procedures for individuals who believe that they are being discriminated against by Defendant. This training will advise managers and supervisors of the consequences imposed upon Defendant for violating the ADA, as amended by the ADAAA. The training shall be at least two (2) hours in duration. As a subject matter source for the training, the Defendant shall utilize the EEOC's policy guidance and federal regulations on the subject of the ADA as relates to reasonable accommodation and undue hardship. No less than ten (10) days before the training is conducted, Defendant agrees to give written notice to the EEOC as to the date and location of the training, the name and qualifications of the person providing the training and the substance of the training. Within twenty (20) days following the training, Defendant shall submit to the EEOC confirmation that the training was provided to all managers, supervisors, and employees, and a list of attendees.

      6.     Defendant agrees to pay to Ms. Sallard the full and final sum of $75,000 in compromise and satisfaction of all claims including lost wages and other monetary damages recoverable under 42 U.S.C. 1981(a) of the Civil Rights Act of 1991. Of the total sum to be

paid, $10,000 shall be allocated for the settlement of lost wages which is subject to legal deductions and withholding. This portion of the overall payment will be accompanied by a W-2 Wage and Tax Statement IRS Form. The remaining balance to be paid to the Charging Party represents non-wages which will not be subject to payroll deductions. This portion of the overall payment shall be accompanied by a 1099 IRS Form.

7. The payment referenced above, shall be made within ten (10) days after the effective date of this Consent Decree by check made payable to Elsa Sallard. Defendant agrees to report to the EEOC within thirty (30) days of entry of this Consent Decree regarding its compliance with this paragraph.

8. Defendant shall remove from Elsa Sallard's personnel file to the extent such file exists, all documents, entries and references relating to her Charge of Discrimination, and this lawsuit.

9. All reports to the EEOC required by this Decree shall be sent to Joel Clark, Trial Attorney, EEOC, 207 South Houston Street, Third Floor, Dallas, Texas 75202.

10. If Defendant fails to tender payment or otherwise fail to timely comply with the terms of paragraphs above, Defendant shall, as applicable:

    a. Pay interest at the rate calculated pursuant to 26 U.S.C. Section 6621(b) on any untimely or unpaid amounts; and

    b. Bear any additional costs incurred by the EEOC caused by the non-compliance or delay of the Defendant.

11. Neither the EEOC nor Defendant shall contest the validity of this Consent Decree or the jurisdiction of the federal district court to enforce this Consent Decree and its terms or the right of either party to the Consent Decree to bring an enforcement action upon breach of any

term of this Consent Decree by either such party. Nothing in this Decree shall be construed to preclude the EEOC from enforcing this Decree in the event that Defendant fails to perform the promises and representations contained herein. The EEOC shall be authorized to seek compliance with the Consent Decree through civil action in the United States District Court. The EEOC also reserves the right to seek contempt sanctions for non-payment and non-compliance with this Court Order.

12. The parties to this Consent Decree agree to bear their own costs and attorney's fees associated with the above-referenced Complaint.

13. The term of this Decree shall be for two (2) years.

SO ORDERED, ADJUDGED AND DECREED this _____ day of _____, 2011.

_____
U.S. District Judge

AGREED AS TO FORM AND SUBSTANCE:

FOR THE PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

P. DAVID LOPEZ
General Counsel

JAMES LEE
Assistant General Counsel

GWENDOLYN REAMS
Deputy General Counsel

*/s/ Joel Clark*
JOEL P. CLARK
Trial Attorney

**CONSENT DECREE** 5

Texas State Bar No. 24050425

*[signature]*

SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas Bar No. 14009470

*[signature]*

ROBERT A. CANINO
Regional Attorney
Oklahoma Bar No. 011782

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 South Houston Street 3rd Floor
Dallas, Texas 75202
Tel No. (214) 253-2743
Fax No. (214) 253-2749

FOR THE DEFENDANT STARBUCKS COFFEE CO:

*[signature]*

JOHN V. JANSONIUS
Texas Bar No. 10571900
AKIN, GUMP, STRAUSS, HAUER & FELD, LLP
1700 Pacific Ave, Suite 4100
Dallas, Texas 75201-4675
(214)-969-2800
(214)-969-4343 (FAX)

**CONSENT DECREE** 6

| | | |
|---|---|---|
| **ATTACHMENT A** | **EXHIBIT A** | 1<br>Page A-1 |

# NOTICE TO ALL EMPLOYEES

**This NOTICE will be conspicuously posted for a period of six (6) months at this facility and in all places where employment notices are posted. It must not be altered, defaced, or covered by any other material.**

**PURPOSE:** It is the purpose of this policy to reaffirm and amplify the position of the Americans With Disabilities Act of 1990, as amended by the ADAAA and the Equal Employment Opportunity Commission's guidelines, and to reiterate Starbucks Coffee Co.'s policy on disability discrimination. Discrimination of any kind can and often will detract from employees' job performance, discourage employees from remaining on the job, keep employees from advancing in their careers and lower overall employee morale and productivity. It is the policy of Starbucks Coffee Co. that discrimination is unacceptable and will not be condoned.

**SCOPE:** This policy extends to all employees of Starbucks Coffee Co., both management and non-management.

**POLICY:** An employer cannot discriminate against qualified applicants and employees on the basis of disability. Under the Americans with Disabilities Act, an _individual with a disability_ is a person who (a) has a physical or mental impairment that substantially limits one or more major life activities; (b) has a record of impairment or (c) is regarded as having such impairment. The ADA also prohibits discrimination against a person because of their association or relationship with an individual with a known disability. This prohibition covers all aspects of the employment process, including:

- * application
- * testing
- * hiring
- * assignments
- * evaluation
- * disciplinary actions

- * promotion
- * medical examinations
- * layoff/recall
- * termination
- * compensation
- * leave

Under the ADA, as amended, an employer must make a reasonable accommodation to the known physical or mental limitations of a qualified applicant or employee with a disability unless it can show that the accommodation would cause an undue hardship on the operation of its business. Some examples of reasonable accommodation include:

- making existing facilities used by employees readily accessible to, and usable by, an individual with a disability;
- job restructuring;

2

- modifying work schedules;
- reassignment to a vacant position;
- acquiring or modifying equipment or devices; or
- providing qualified readers or sign language interpreters

**RESPONSIBILITY:** Each level of management is responsible for ensuring that all personnel policies, procedure, and activities are in full compliance with applicable federal, state, and local equal employment laws, statute, rules, and regulations regarding discrimination and retaliation. Employees are expected to read, understand, and follow the policies that Starbucks Coffee Co. has established to prevent discrimination and retaliation.

**REPORTING PROCEDURES:** Any employee who believes that he or she has been subjected to discrimination is expected to report the conduct as soon as possible to either that person's immediate supervisor, any supervisor or manager with Starbucks Coffee Co. or to the Human Resources Department. The Human Resources Department may be contacted at _____ or by telephone at _____. Supervisors and managers who are informed of an alleged incident of discrimination, including harassment, must immediately notify the Human Resources Department. _____ will maintain a written log of all complaints of discrimination. This log will include the results of all investigations into claims of discrimination.

A person either, alternatively or in addition to reporting such an allegation to company officials, may contact the U.S. Equal Employment Opportunity Commission for the purposes of filing a charge of employment discrimination. The address and telephone number of the U.S. EEOC office is 207 South Houston, Dallas, Texas 75202; (800) 669-4000. Information about your rights and how to file a charge is available on the Internet at www.eeoc.gov.

**INVESTIGATION OF COMPLAINTS:** A complete investigation of each complaint will be undertaken immediately by the Human Resources Department. The investigation may include interviews of all employees and supervisors at the facility, the inspection of documents, including personnel records, and full inspection of the premises.

**PUNISHMENT FOR VIOLATION:** Employees engaged in discriminatory conduct, including supervisors and managers, can expect serious disciplinary action. After appropriate investigation, any employee, whether management or non-management, who has been found to have discriminated against another employee will be subject to appropriate sanctions, depending on the circumstances, from a written warning in his or her personnel file up to and including termination of employment.

**RETALIATION:** There shall be no retaliation against any employee because that person has opposed what they believe to be unlawful employment practices, or has filed a charge of

3

discrimination, or has given testimony, assistance, or has participated in any manner in any investigation, proceeding or hearing under The Americans With Disabilities Act of 1990, as amended. Starbucks Coffee Co. will not punish you for reporting discrimination simply because you have made a complaint under the above guidelines.

**PROTECTION OF PRIVACY:** The question of whether a particular action or incident constitutes discrimination requires a determination based on all available facts. Starbucks Coffee Co. will therefore make a concerted effort to protect the privacy of all personnel. Confidential information will be shared on a need-to-know basis to complete the investigation and to deal appropriately with the situation.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE REMOVED OR DEFACED BY ANYONE. THIS NOTICE WILL BE POSTED FOR A PERIOD OF SIX MONTHS.**

Signed this _____ day of _____, _____.

_____  _____
Date          On Behalf of:
              Starbucks Coffee Co.

3